IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WELLS VEHICLE ELECTRONICS, L.P.,

    PLAINTIFF,

    V.

INFLOW TECHNOLOGY, LLC and
COMPUTER AIDED TECHNOLOGY, LLC,

    DEFENDANTS.

CIV. NO. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Wells Vehicle Electronics, L.P., for its Complaint against Defendants, InFlow Technology, LLC and Computer Aided Technology, LLC, states and alleges as follows:

### OVERVIEW

1. This action arises out of an contract between Wells and Defendants pursuant to which Defendants would install and provide training for a Product Lifecycle Management software system.

2. The agreement between the parties was memorialized in a document entitled the "ENOVIA Phase I Implementation Statement of Work" that was effective on or about August 16, 2016 (the "PLM Agreement"). [*] Pursuant to the PLM Agreement, Wells paid Defendants over $300,000.

---

[*] The PLM Agreement is incorporated by reference herein, but is not attached as an exhibit solely to avoid disclosing confidential information.

3. The project, however, was fraught with problems which Defendants were unable to correct, in plain breach of their warranty to perform the work in a "competent and workmanlike manner."

4. Despite Defendants' breach, they have refused to fulfill their agreed remedy to "refund the fees paid by Client." By this action, Wells seeks to enforce its warranty rights and recover for its other damages resulting from Defendants' breach.

**PARTIES**

5. Wells is a Delaware limited partnership registered to do business the state of Wisconsin and has its principal place of business in Fond du Lac, Wisconsin.

6. Wells has two partners: (a) Wells Vehicle Electronics Holdings Corp. ("Wells Holdings"), a Delaware corporation; and (b) Wells Vehicle Electronics GP LLC, a Delaware limited liability company whose sole partner is Wells Holdings.

7. The principal place of business of Wells Holdings is Delaware.

8. InFlow is an Illinois limited liability company. All of InFlow's members are citizens of either Illinois or Florida. InFlow's principal place of business is in Buffalo Grove, Illinois.

9. CATI is an Illinois limited liability company. All of CATI's members are citizens of Illinois. CATI's principal place of business is in Buffalo Grove, Illinois.

10. InFlow is a wholly owned subsidiary of CATI and may be considered a single economic entity, collectively referred to as "Defendants."

//
//
//

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

12. Complete diversity exists because Wells is a citizen of Delaware and Defendants are citizens of Illinois and Florida.

13. The amount in controversy exceeds $75,000.

14. Venue is properly established in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Wells' claims occurred in this District.

## GENERAL ALLEGATIONS

15. Wells designs, manufactures, packages, markets, and distributes automotive engine performance components for the original equipment and replacement markets.

16. Defendants provide consulting, software product management, software engineering, manufacturing, training, technical support, and implementation services.

17. The PLM Agreement entered into by Wells and Defendants set forth the parties' obligations related to the "ENOVIA Phase I Project" (the "Project").

18. Pursuant to the PLM Agreement, Defendants agreed to install, configure, and implement ENOVIA PLM software into Wells' internal network. Defendants also agreed to provide user training and end user support to Wells' employees in order to facilitate the transition to the ENOVIA PLM software.

19. Defendants' Warranty Policy, applicable to the PLM Agreement, provides in pertinent part:

> Computer Aided Technology, LLC, MCAD Technologies, and or InFlow Technology, LLC., (CATI) warrants that its Services will be performed in a competent and workmanlike manner in accordance with applicable industry standards.

3

> CATI shall, as Client's exclusive remedy and CATI's sole liability hereunder, (i) re-perform any part of the Services not performed in compliance with the foregoing warranties brought to its attention in writing in reasonable detail promptly after that part of the Services was performed and, (ii) if CATI determines that it is unable to comply with such warranty as to a portion of the Services, refund the fees paid by Client for that portion of the Services.
> […]
> CATI's exclusive remedy for any claim arising out of this Agreement for which another remedy is not provided in this Statement of Work shall be for CATI, upon written notice, to use commercially reasonable efforts to cure the breach at its expense, and, if such cure is not effected in a reasonable time, to refund the fees paid to CATI for the Services related to the breach."

20. Defendants began installation and implementation of the ENOVIA PLM software pursuant to the PLM Agreement on or about August 26, 2016.

21. Issues arose with the ENOVIA PLM software soon after Defendants began to install and implement the software, including issues related to malfunctioning of the login, search, display, check-in and check-out functions and unsuccessful data migration, among other issues.

22. Wells made numerous service requests. However, although Defendants attempted to correct the numerous issues and re-perform their obligations under the PLM Agreement over a period of approximately two years, Defendants were never able to successfully implement the ENOVIA PLM software or resolve the numerous functionality issues.

23. Wells paid Defendants a total of $315,264.39 for the invoices listed below pursuant to the PLM Agreement:

//

//

4

| Invoice Date | Invoice No. | Amount |
| --- | --- | --- |
| August 26, 2016 | 16-7284 | $138,146.16 |
| August 27, 2016 | 16-7284 FINAL | 138,146.16 |
| June 6, 2017 | R17-5655 | $ 38,972.07 |

24. After Defendants' two years of attempts to implement the ENOVIA software and meet their obligations under the PLM Agreement, Wells terminated the PLM Agreement on September 21, 2018.

25. On January 4, 2019, counsel for Wells sent a letter to Justin Webster, Vice President of InFlow, seeking refund of the $315,264.39 paid by Wells to Defendants pursuant to the remedy provision in Defendants' Warranty Policy.

26. Defendants refused Wells' demand for repayment, in whole or in part.

27. Defendants are in breach of their agreements that "Services will be performed in a competent and workmanlike manner in accordance with applicable industry standards" and to "refund fees paid" when services are not performed in compliance with applicable industry standards.

28. Wells has sustained damages as a result of Defendants' failure to successfully implement the ENOVIA software and refusal to refund the amount paid by Wells under the PLM Agreement, which Wells has estimated to be $315,264.39.

//

//

## COUNT I
## BREACH OF CONTRACT
**(Against All Defendants)**

29. Wells incorporates by reference herein its allegations contained in paragraphs 1 through 28.

30. Wells and Defendants entered into a valid and binding agreement.

31. Wells has complied with all terms and conditions of the PLM Agreement and has performed all of its obligations thereunder.

32. Defendants breached the PLM Agreement by failing to successfully implement the ENOVIA PLM software as agreed.

33. Defendants' breach was material.

34. As a result of Defendants' breach of the PLM Agreement, Wells has suffered financial loss and other damages.

## COUNT II
## BREACH OF WARRANTY
**(Against All Defendants)**

35. Wells incorporates by reference herein its allegations contained in paragraphs 1 through 28.

36. Defendants expressly assured performance in a competent and workmanlike manner in accordance with applicable industry standards.

37. Wells relied on Defendants' assurance of performance in a competent and workmanlike manner in accordance with applicable industry standards. Defendants' assurance induced Wells to enter into the PLM Agreement.

38. Defendants' performance was deficient and non-compliant with the requirements of the PLM Agreement, and continues to be defective and non-compliant to the present time, as described above.

39. Defendants breached the express warranty and the PLM Agreement by failing to successfully perform under the PLM Agreement, by providing services that were defective and/or did not conform to all specifications and requirements of the PLM Agreement, and by failing to cure the defects.

40. As a result of Defendants' breach of express warranty, Wells has suffered financial loss and other damages.

**COUNT III**
**UNDER WIS. STAT. § 402.719(2) - FAILURE OF WARRANTY'S ESSENTIAL PURPOSE AND COMMON LAW**
**(Against All Defendants)**

41. Wells incorporates by reference herein its allegations contained in paragraphs 1 through 28.

42. After Wells discovered Defendants' failure to successfully implement the ENOVIA PLM software under the PLM Agreement, Wells repeatedly requested that Defendants honor their contractual obligations and cure the defects.

43. Notwithstanding Wells' repeated requests, Defendants have failed to successfully implement the ENOVIA PLM software and cure the defects in their performance under the PLM Agreement, which has resulted in Wells' inability to use the ENOVIA PLM software.

44. Notwithstanding Defendants' attempts to implement the ENOVIA software and cure the defects in their performance, Defendants have failed to successfully implement the

7

ENOVIA PLM software and have failed to operate in conformance with the warranty after a lengthy and reasonable opportunity to cure the defects.

45. As a direct and proximate result of Defendants' failure to cure the ongoing and varied defects in their performance, Wells has suffered economic and other damages.

46. As a further result of Defendants' failure to cure the defects in their performance, any limited remedy offered by Defendants has failed of its essential purpose, and Wells is entitled to recover all damages allowable under the Uniform Commercial Code and the common law, including but not limited to incidental and consequential damages, notwithstanding any contrary provision in any contract between Wells and Defendants.

47. Any purported disclaimer of incidental or consequential damages by Defendants is unconscionable and not enforceable.

**COUNT IV**
**UNDER WIS. STAT. § 402.608(1) – REVOCATION OF ACCEPTANCE**
**AND COMMON LAW**
**(Against All Defendants)**

48. Wells incorporates by reference herein its allegations contained in paragraphs 1 through 28.

49. Wells accepted the ENOVIA PLM software and Defendants' performance without discovering the defects due to both the difficulty of discovering the defects before acceptance and Defendants' assurance that it would implement the software in conformance with industry standards; and, after discovering the defects, on the reasonable assumption that Defendants would cure the defects causing nonconformity, which Defendants have not seasonably cured.

50. The condition of the ENOVIA PLM software has not substantially changed in any manner not caused by the defects.

51. Prior to notifying Defendants that it was terminating the contract and revoking acceptance, Wells undertook continuous efforts to allow Defendants to cure the defects.

52. The defects and continuing malfunction of the software have substantially impaired the value of the software, rendering it effectively useless to Wells.

## COUNT V
## UNDER WIS. STAT. § 402.711 – RESCISSION
## AND COMMON LAW
### (Against All Defendants)

53. Wells incorporates by reference herein its allegations contained in paragraphs 1 through 28.

54. As a result of its justifiable revocation of acceptance of the ENOVIA PLM software and Defendants' performance, Wells is entitled to rescind the PLM Agreement and recover the fees paid by Wells under the PLM Agreement, the difference between the cost of purchasing and implementing substitute software and the amount paid to Defendants under the PLM Agreement, and all incidental or consequential damages, less expenses saved in consequence of Defendants' breach, if any.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wells Vehicle Electronic, L.P., prays that the Court enter judgment in its favor against Defendants, InFlow Technology, LLC and Computer Aided Technology, LLC, on all counts of its Complaint in an amount to be determined at trial, with pre-judgment and post-judgment interest, costs, attorneys' fees and expenses.

**JURY TRIAL DEMANDED**

Wells hereby demands a trial by jury for any and all issues triable by a jury.

Dated: July 18, 2019	Wells Vehicle Electronics, L.P.


By:	/s/Paul Olszowka
  *One of Its Attorneys*


Paul Olszowka
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833
Phone: (312) 357-1313
Facsimile: (312) 759-5646
paul.olszowka@btlaw.com

14638404